UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF NORTH CAROLINA

EASTERN DIVISION

| | |
|---|---|
| R. ALEXANDER ACOSTA,<br>Secretary of Labor,<br>United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>FAT BOYS GRILL, LLC and<br>JEREMY CANNON,<br><br>Defendants. | FILE NO.<br><br>4:16-cv-00150-BR |

This cause came for consideration upon Plaintiff's motion and Defendants' consent to the entry of this Judgment, without further contest. It is, therefore,

ORDERED, ADJUDGED and DECREED that Defendants, their agents, servants, employees and all persons in active concert or participation with them who receive actual notice hereof are permanently enjoined from violating the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., (hereinafter referred to as the "Act"), in any of the following manners:

They shall not, contrary to Sections 6 and 15(a)(2) of the Act, 29 U.S.C. §§ 206 and 215(a)(2), pay any employee who is engaged in commerce or in the production of goods for commerce, or who is employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, wages at a rate less than the applicable minimum hourly rate prescribed by said Section 6 as now in effect or which hereafter may be made applicable by amendment thereto.

They shall not, contrary to Sections 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2), employ any employee in commerce or in the production of goods for commerce, or in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for more than 40 hours in a workweek unless such employee is compensated for such hours in excess of 40 at an overtime rate of at least one and one-half times the regular rate at which such employee is employed.

They shall not, contrary to Sections 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), fail to make, keep and preserve adequate and accurate employment records as prescribed by Regulation found at 29 C.F.R. § 516.2.

IT IS FURTHER ORDERED, ADJUDGED and DECREED that Defendants hereby are restrained from withholding payment of back wages and post-judgment interest in the total amount of $29,873.93, less required deductions. Defendants will make monthly payments to each of the four employees named in Exhibit A, on the schedule and in the amounts therein provided, less deductions from back wages for the employee's share of Social Security, federal income tax, and state income tax. The deductions from the back wages indicated for each employee for Social Security, federal income tax, and state income tax shall be paid by the employer to the appropriate Federal and State revenue authorities and appropriate proof of such payments shall be furnished to the Secretary by the Defendants no later than August 15, 2018. The private rights, under the Act, of any employee of Defendants not named in Schedule "A" or for periods of employment other than June 24, 2014, to June 24, 2016, shall not be terminated or otherwise adversely affected by this proceeding.

FURTHER ORDERED that, within 30 days after making each payment, Defendants will provide the Secretary with:

(1) one of the following proofs of payment for each payment made to each employee: a WH-58 signed by each employee; a copy of the cancelled check (front and back) for each employee; or electronic transfer evidence of payment from the bank to each employee.

(2) A check made payable to "Wage and Hour Division – Labor" for the total net amount of any checks for back wages that cannot be distributed to employees identified in Exhibit A, or to their estates, because of Defendants' inability to locate the proper person(s), or because of any such person's refusal to accept such sums. Defendants will provide the Secretary a schedule showing Defendants' employer I.D. number and the last-known address and Social Security number for each unpaid employee. After three years, any monies that have not been distributed because of inability to locate the proper persons or because of their refusal to accept payments shall be tendered to the Treasury of the United States as miscellaneous receipts.

Defendants shall not, under any circumstances, accept and keep any amount that was provided by a person owed back wages under this settlement agreement and then subsequently returned to the Defendants. Any such amount shall be immediately paid to the Secretary for deposit as above, along with a notification of the name of the person returning the back wages, and the Defendants shall have no further obligations with respect to such returned monies.

FURTHER ORDERED that in the event of default by the Defendants in the payment of any of the above-recited installments, the total balance then remaining unpaid shall become due and payable immediately, with no further notice or demand required, and post judgment interest shall be assessed against such remaining unpaid balance, in accordance with 28 U.S.C. § 1961, from the date hereof until paid in full.

FURTHER ORDERED that court costs of this action hereby are taxed to the Defendants for which execution may issue. Each party shall bear such other of its own attorney's

3

fees and expenses incurred by such party in connection with any stage of this case, including but not limited to, attorney's fees which may be available under the Equal Access to Justice Act, as amended.

This 7 day of June, 2017.

_____
Senior UNITED STATES DISTRICT JUDGE

Plaintiff moves entry of the foregoing Judgment:

NICHOLAS C. GEALE
Acting Solicitor of Labor

STANLEY E. KEEN
Regional Solicitor

ROBERT L. WALTER
Counsel

By: _____
Amy R. Walker
Attorney
Walker.amy@dol.gov

Office of the Solicitor
U.S. Department of Labor
61 Forsyth Street, S.W.
Room 7T10
Atlanta, GA 30303
(404) 302-5435
(404) 302-5438 (FAX)
Attorneys for Plaintiff

4

Defendants consent to entry of the foregoing judgment:

FAT BOYS GRILL, LLC

Fat Fellas BBQ & Grille
133 E. Chatham St.
Newport, NC 28570
(252) 223-3299

By: _____

JEREMY CANNON

_____

5

U.S. DEPARTMENT OF LABOR

Installment Amortization Schedule
Installment Agreement Date: 05/15/2017

Employer: Fat Boy's Grille & BBQ

| Beginning Payment Date: | 06/15/2017 | Ending Payment Date: | 05/15/2018 |
|---|---|---|---|
| Total BW Amount: | $29,712.76 | Current Interest Rate: | 1.0 % |
| | | Number Of Payments: | 12 |
| Initial Payment: | $0.00 | Pay Period: | Monthly |

| | EE Name / 3rd Party | Principal | Interest | Total Payment |
|---|---|---|---|---|
| **Date Due** | **06/15/2017** | | | |
| | Harry Brown | $263.54 | $2.65 | $266.19 |
| | Shawn Christenson | $511.14 | $5.13 | $516.27 |
| | Manuel Harper | $968.32 | $9.73 | $978.05 |
| | William Stout | $721.74 | $7.25 | $728.99 |
| **Date Due** | **07/15/2017** | | | |
| | Harry Brown | $263.76 | $2.43 | $266.19 |
| | Shawn Christenson | $511.56 | $4.71 | $516.27 |
| | Manuel Harper | $969.13 | $8.92 | $978.05 |
| | William Stout | $722.34 | $6.65 | $728.99 |
| **Date Due** | **08/15/2017** | | | |
| | Harry Brown | $263.98 | $2.21 | $266.19 |
| | Shawn Christenson | $511.99 | $4.28 | $516.27 |
| | Manuel Harper | $969.94 | $8.11 | $978.05 |
| | William Stout | $722.94 | $6.05 | $728.99 |
| **Date Due** | **09/15/2017** | | | |
| | Harry Brown | $264.20 | $1.99 | $266.19 |
| | Shawn Christenson | $512.42 | $3.86 | $516.28 |
| | Manuel Harper | $970.75 | $7.30 | $978.05 |
| | William Stout | $723.54 | $5.44 | $728.98 |
| **Date Due** | **10/15/2017** | | | |

| | EE Name / 3rd Party | Principal | Interest | Total Payment |
|---|---|---|---|---|
| | Harry Brown | $264.42 | $1.77 | $266.19 |
| | Shawn Christenson | $512.84 | $3.43 | $516.27 |
| | Manuel Harper | $971.55 | $6.49 | $978.04 |
| | William Stout | $724.16 | $4.84 | $729.00 |
| Date Due | 11/15/2017 | | | |
| | Harry Brown | $264.64 | $1.55 | $266.19 |
| | Shawn Christenson | $513.27 | $3.00 | $516.27 |
| | Manuel Harper | $972.36 | $5.68 | $978.04 |
| | William Stout | $724.76 | $4.24 | $729.00 |
| Date Due | 12/15/2017 | | | |
| | Harry Brown | $264.86 | $1.33 | $266.19 |
| | Shawn Christenson | $513.70 | $2.57 | $516.27 |
| | Manuel Harper | $973.17 | $4.88 | $978.05 |
| | William Stout | $725.36 | $3.63 | $728.99 |
| Date Due | 01/15/2018 | | | |
| | Harry Brown | $265.08 | $1.11 | $266.19 |
| | Shawn Christenson | $514.13 | $2.15 | $516.28 |
| | Manuel Harper | $973.98 | $4.07 | $978.05 |
| | William Stout | $725.96 | $3.02 | $728.98 |
| Date Due | 02/15/2018 | | | |
| | Harry Brown | $265.31 | $0.89 | $266.20 |
| | Shawn Christenson | $514.56 | $1.72 | $516.28 |
| | Manuel Harper | $974.80 | $3.25 | $978.05 |
| | William Stout | $726.55 | $2.42 | $728.97 |
| Date Due | 03/15/2018 | | | |
| | Harry Brown | $265.53 | $0.66 | $266.19 |
| | Shawn Christenson | $514.98 | $1.29 | $516.27 |
| | Manuel Harper | $975.61 | $2.44 | $978.05 |
| | William Stout | $727.17 | $1.82 | $728.99 |

| EE Name / 3rd Party | Principal | Interest | Total Payment |
|---|---:|---:|---:|
| **Date Due  04/15/2018** | | | |
| Harry Brown | $265.75 | $0.44 | $266.19 |
| Shawn Christenson | $515.41 | $0.86 | $516.27 |
| Manuel Harper | $976.42 | $1.63 | $978.05 |
| William Stout | $727.78 | $1.21 | $728.99 |
| **Date Due  05/15/2018** | | | |
| Harry Brown | $265.98 | $0.22 | $266.20 |
| Shawn Christenson | $515.83 | $0.43 | $516.26 |
| Manuel Harper | $977.21 | $0.81 | $978.02 |
| William Stout | $728.34 | $0.61 | $728.95 |
| | $29,712.76 | $161.17 | $29,873.93 |